STATE OF HAWAI'I, Plaintiff-Appellee,
v.
DEBORAH B. NEVES, Defendant-Appellant.
No. 29198.
Intermediate Court of Appeals of Hawaii.
April 29, 2009.
On the briefs:
Donovan Odo, Deputy Public Defender, for Defendant-Appellant.
Loren J. Thomas, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
(By: FOLEY, Presiding Judge, FUJISE, and LEONARD, JJ.)
Defendant-Appellant Deborah B. Neves (Neves) appeals from the Judgment filed on May 14, 2008, as amended by the April 1, 2009 Amended Judgment, nunc pro tunc to May 14, 2008, in the District Court of the First Circuit, Ewa Division (district court).[1]
The district court convicted Neves of Harassment, in violation of Hawaii Revised Statutes (HRS) § 711-1106(1) (a) (Supp. 2008).
On appeal, Neves contends there was insufficient evidence to convict her because the State of Hawai'i (the State) failed to prove she intended to harass, annoy, or alarm another person.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Neves's point of error as follows:
Contrary to Neves's claim, there was substantial evidence to support Neves's conviction for Harassment. The district court found the complaining witness credible and Neves not credible when it found that Neves struck the complaining witness. "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact." State v. Mattiello, 90 Hawai'i 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citation, and brackets omitted) (quoting State v. Stocker, 90 Hawai'i 85, 90, 976 P. 2d 399, 404 (1999)).
"Given the difficulty of proving the requisite state of mind by direct evidence in criminal cases, proof by circumstantial evidence and reasonable inferences arising from circumstances surrounding the defendant's conduct is sufficient." State v. Agard, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007) (internal quotation marks and citation omitted). Neves intended to harass, annoy, or alarm the complaining witness by stating "I going get you" and then striking the complaining witness. The complaining witness testified that he felt scared and intimidated by Neves striking him.
Therefore,
The Judgment filed on May 14, 2008, as amended by the April 1, 2009 Amended Judgment, nunc pro tunc to May 14, 2008, in the District Court of the First Circuit, Ewa Division, is affirmed.
NOTES
[1] The Honorable Faye M. Koyanagi presided.